# UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF NORTH CAROLINA CHARLOTTE DIVISION
## 3:92cr296-01-MU and 3:94cr140-MU

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| RONALD HAL WELLMAN, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before this Court on Defendant's "Petition" for early release from supervised release, (Document No. 12), filed July 7, 2005. Also before the Court is the Government's "Response to Defendant's Pro Se Petition for Early Termination of Supervised Release" filed August 2, 2005 in opposition to Defendant's request. For the reasons stated herein, Defendant's request will be granted.

Ronald Hal Wellman was convicted of possession with intent to distribute cocaine (2 counts) and sentenced on May 18, 1995, to a term of nine years imprisonment followed by a term of 5 years supervised release on count 1 and 1 year supervised release on count 7. On July 18, 2003 Defendant was released from the Bureau of Prisons to begin his 5 year term of supervision. Defendant has served just more than 2 years of the 5 years of supervised release. In support of his request for early termination of his supervised release, Defendant states that he was never cited for any infractions during his term of imprisonment and states that his Parole Officer, Patrick Bradshaw, has no objection to his being released from supervised release.

Officer Bradshaw submitted a letter in response clarifying his position. Officer Bradshaw

stated that he had no objection to Mr. Wellman requesting early termination based on his legal right to do so and that he has no objection to the Court allowing Mr. Wellman to be terminated from supervised release if it is found to serve the best interest of the Court.

Officer Bradshaw explained that the policy of the Probation Office of the Western District of North Carolina is as follows: "[g]enerally, early termination should be recommended to the Court only after two-thirds of the term of supervision is completed, including six months of administrative supervision." However, the Court does have the authority to terminate supervised release after a period of one year. See 18 U.S.C. § 3583(e)(1); 18 U.S.C. § 3553(a); Fed. R. Crim. Proc. 32.1.

Defendant has complied with the terms of his supervised release for the past two years and has received the benefits and guidance that such supervision provides. Defendant has provided an adequate basis to justify this Court modifying its judgment which imposed a 5 year term of supervised release for count 1 and a 1 year term of supervised release on count 7. Therefore, Defendant's Petition to release him from supervised release is GRANTED.

**Signed: September 21, 2005**

Graham C. Mullen
Chief United States District Judge